IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-02185-PAB-KLM

U.S.A. DAWGS, INC., a Nevada corporation,

Plaintiff,

v.

CROCS, INC., a Delaware corporation, and
DOES 1-10,

Defendants.

_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on the parties' **Joint Motion to Vacate Scheduling**

**Conference and Related Deadlines and/or for Temporary Stay** [#26][1] (the "Motion").

In the Motion, the parties ask that the December 7, 2015 Scheduling Conference "and all

associated deadlines" be vacated or, in the alternative, that the case be stayed while the

Court determines whether a related case, 06-cv-00605-PAB-KMT (the "2006 Case") should

be reopened.  *Motion* [#26] at 1-2.

**I.  Background**

This case was transferred to Judge Brimmer pursuant to D.C.COLO.LCivR 40.1(a)

because it is related to the 2006 Case [#14].  As the parties' explain in the Motion,

On November 12 and 13, 2015, counsel for Dawgs conferred with Counsel

---

[1]  "[#26]" is an example of the convention I use to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF).  I use this convention throughout this Order.

for Crocs regarding Dawgs' intention to lift the stay in the 2006 case, amend its counterclaims, and proceed on the merits of that case.  Dawgs informed Crocs that, if Crocs was agreeable to proceeding on the merits of the 2006 case, Dawgs would dismiss the [instant] case without prejudice upon the reopening of the 2006 case.  While Crocs is willing to stipulate to reopening the 2006 case for the limited purpose of amending Dawgs' counterclaims so as to consolidate all causes of action in one matter, it is unwilling to stipulate to reopening the 2006 case altogether and allowing it to proceed on the merits until such time as the U.S. Patent Office completes its pending reexamination of Crocs's U.S. Patent No. D517,789, whereas Dawgs believes the original stay has achieved its purpose and should be vacated.

*Motion* [#26] at 2.   As a result, the parties jointly ask the Court to vacate "the scheduling conference and all deadlines in" the instant case "so that the parties can move to lift the stay in the 2006 case for the limited purpose of first amending Dawgs' counterclaims and then setting a briefing schedule on Dawgs' forthcoming motion to lift the stay in its entirety."

*Id.*

While the parties seek alternative relief, the Court considers the parties' request for a stay rather than their request that the Scheduling Conference be vacated indefinitely. Indefinite vacatur of the Scheduling Conference is essentially entry of a stay of discovery because discovery cannot proceed until the Court enters a scheduling order.  Therefore, the Court turns to the standard for entry of a stay.

## II.  Analysis

Although a stay of proceedings in a case is generally disfavored, the Court has discretion to enter a stay.  *Compare Wason Ranch Corp. v. Hecla Mining Co.*, No. 07-cv-00267-EWN-MEH, 2007 WL 1655362, at *1 (D. Colo. June 6, 2007) ("A stay of all discovery is generally disfavored in this District." (citation omitted)); *with Ellis v. J.R.'s Country Stores, Inc.*, No. 12-cv-01916-CMA-KLM, 2012 WL 6153513, at *1 (D. Colo. Dec. 11, 2012) (granting stay of proceedings).  The "[C]ourt has inherent power to stay

proceedings 'to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *Ellis*, 2012 WL 6153513, at *1 (quoting *Landis,* 299 U.S. at 254 (observing that docket management "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance")); *Vivid Techs., Inc. v. Am. Sci. & Eng'g, Inc.,* 200 F.3d 795, 804 (Fed. Cir.1999) ("When a particular issue may be dispositive, the court may stay discovery concerning other issues until the critical issue is resolved."); *Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.,* 201 F.R.D. 1, 2 (D.D.C.2001) ("A stay of discovery pending the determination of a dispositive motion is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources." (internal quotation marks and citation omitted)); *see also String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 05-cv-01934-LTB-PAC, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006) (finding that a thirty day stay of discovery was appropriate when a motion to dismiss for lack of personal jurisdiction was pending); *Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla. 2003) (finding that a stay may be appropriate if "resolution of a preliminary motion may dispose of the entire action."); 8 Charles Alan Wright, et al., *Federal Practice and Procedure* § 2040, at 521-22 (2d ed. 1994) ("[W]hen one issue may be determinative of a case, the court has discretion to stay discovery on other issues until the critical issue has been decided."); *Vivid Techs., Inc. v. Am. Sci. & Eng'g, Inc.*, 200 F.3d 795, 804 (Fed. Cir. 1999) ("When a particular issue may be dispositive, the court may stay discovery concerning other issues until the critical issue is resolved."); *Gilbert v. Ferry*, 401 F.3d 411, 415-16 (6th Cir. 2005) (finding that staying discovery is not an abuse of discretion when a defendant has filed a motion to dismiss challenging the court's subject matter

jurisdiction); *Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2 (D.D.C. 2005) ("A stay of discovery pending the determination of a dispositive motion is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources." (internal quotation omitted)).

When exercising its discretion to enter a stay, the Court considers the following factors: (1) the interest of the plaintiff in proceeding expeditiously and the potential prejudice to the plaintiff of a delay; (2) the burden on the defendant; (3) the convenience to the Court; (4) the interests of nonparties; and (5) the public interest.  *String Cheese Incident, LLC,* 2006 WL 894955, at *2 (citing *FDIC v. Renda*, No. 85-2216-O, 1987 WL 348635, at *2 (D. Kan. Aug. 6, 1987)).

In this case, the parties jointly request a stay.  *See generally Motion* [#26]. Therefore, the Court finds that the first and second *String Cheese Incident* factors weigh in favor of entry of a stay of discovery.  With regard to the third factor, it is certainly more convenient for the Court to enter a stay until it is clear which claims, if any, will move forward.  The Court therefore finds that the third *String Cheese Incident* factor weighs in favor of a stay.  With regard to the fourth factor, there are no nonparties with significant particularized interests in this case.  Accordingly, the fourth *String Cheese Incident* factor neither weighs in favor of nor against a stay.  With regard to the fifth and final factor, the Court finds that the public's only interest in this case is a general interest in its efficient and just resolution.  Avoiding wasteful efforts by the Court and litigants serves this interest. Thus, the fifth *String Cheese Incident* factor weighs in favor of a stay.

Considering these factors, the Court finds that a stay of discovery is appropriate in this case.

### III. Conclusion

For the reasons stated above,

IT IS HEREBY **ORDERED** that the Motion [#26] is **GRANTED** to the extent it requests a stay of discovery. Discovery in this case is **STAYED** pending further order of the Court.

IT IS FURTHER **ORDERED** that the Scheduling Conference set for December 7, 2015 at 11:00 a.m. is **VACATED** and will be reset at a later date as appropriate.

Dated:  December 1, 2015                    BY THE COURT:

Kristen L.  Mix
United States Magistrate Judge